# Richmond.

## ATLANTIC TRUST AND SAFE DEPOSIT COMPANY v. UNION TRUST AND TITLE CORPORATION.

January 12, 1911.

Absent, Cardwell, J.

1. PRINCIPAL AND SURETY—*Bonds—Recitals of Terms of Loans—Evidence of Different Terms—Knowledge of Surety.*—In an action against the principal and surety in a penal bond conditioned for the erection of a building of a designated value on a certain lot, although the bond recites the terms upon which a loan is to be made by the obligee to the principal for the purpose of enabling him to erect said building, it is permissible for the plaintiff to show that the loan was to be made upon somewhat different terms from those set out in the recital of the bond, if it appears that the difference in the terms was known to the surety at the time the bond was executed.

2. APPEAL AND ERROR—*Verdicts—Sufficiency of Evidence to Support.*—Where there is serious conflict in the evidence in a case, the question of the sufficiency of the evidence to sustain a verdict found by a jury must be dealt with in the appellate court as upon a demurrer to the evidence by the plaintiff in error.

3. CORPORATIONS—*Knowledge of Officers and Agents—Actual Notice.*—There is no other way of bringing knowledge home to a corporation, except through its officers and agents; and knowledge acquired by such officers and agents in transactions affecting their business employment must be regarded as actual notice to the corporation. The knowledge of an officer of a corporation, who has full power to act in the premises, is actual knowledge of the corporation, and not merely imputed knowledge.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of debt. Judgment for the plaintiff. One of the defendants assigns error.

*Affirmed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford* and *Floyd M. Hughes,* for the plaintiff in error.

*Loyall, Taylor & White, Thomas H. Willcox,* and *A. G. Burrow,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action of debt on a penal bond was brought by the defendant in error, the Union Trust and Title Corporation (hereinafter called the plaintiff), against the Victoria Hotel Corporation (hereinafter called the Hotel Corporation), principal, and the plaintiff in error, the Atlantic Trust and Deposit Company (hereinafter called the defendant). The jury found a verdict for the plaintiff and assessed its damages at $28,487.95, with interest thereon from July 16, 1908. To a judgment upon that verdict, this writ of error was allowed.

The bond is in the penalty of $30,000, and bears date February 15, 1907. The condition reads as follows: "Whereas, the Union Trust and Title Corporation has agreed to loan the Victoria Hotel Corporation the sum of seventy thousand dollars ($70,000.00), evidenced by seventy (70) bonds of one thousand dollars ($1,000.00) each, payable one year after date, and dated the first day of February, 1907, and bearing interest from date at the rate of 6 *per cent. per annum,* payable semi-annually, the interest being evidenced by coupons attached to said bonds, all of the said bonds and interest to be secured by deed of trust upon the property of the Victoria Hotel Corporation, situated on the south side of Main street, in the city of Norfolk, Virginia, * * * * *; and whereas one of the conditions of the said loan from the Union Trust and Title Corporation to the said Victoria Hotel Corporation is that a building will be erected on said property by

the Victoria Hotel Corporation, and completed on or before the first day of May, 1907, at a cost of not less than $90,-000.00, and in substantial compliance with the plans and specifications of Messrs Ferguson & Calrow, under which the same is being erected, and shall be free from all material, labor and mechanics' liens. Now, therefore, if the building as above described shall be erected and completed by the Victoria Hotel Corporation at a cost of about $90,000.00 on or before the first day of May, 1907, and shall be free from all material, labor and mechanics' liens, then this obligation shall be void, otherwise to remain in full force and virtue."

Assuming that the conditions precedent to the obligation of the bond were the making of the loan and the erection of the building free of mechanics' liens by May 1, 1907, the controlling question to be determined is whether it is permissible for the plaintiff to show that the loan was to be made on somewhat different terms from those set out in the recital in the bond, if it shall be made to appear that the difference in the terms was known to the defendant when it executed the bond. The correctness of that proposition is sustained by the weight of authority, the distinction being observed between a consideration stated merely by way of recital and a consideration which constitutes a positive promise.

That doctrine was successfully invoked by the plaintiff in error and a reversal obtained when this case was before us on the first appeal (*Atlantic Trust & Deposit Co.* v. *Union Trust & Title Corporation,* 110 Va. 286, 67 S. E. 182); so that the question is no longer an open one in this jurisdiction. The court, on that appeal, did not base its opinion upon the recital in the bond, but upon matters *de hors* that instrument, namely, the application for the loan and its acceptance. The court, at page 291 of 110 Va. and 184 of 67 S. E., observes: "The contract for the loan and that recited in the penal bond were materially different, and the lender knew this, for the bond was prepared by its

counsel. It does not appear that the plaintiff in error knew that the contract between the lender and the borrower was different from that recited in the bond, and such knowledge is denied by it." The court further observes: "The legal effect of the actual contract between the parties was not a loan of $70,000 for one year at six *per cent.* interest, payable semi-annually, but a loan at eight *per cent.* interest, * * * one-fourth of which was payable when the loan was made, and for a repayment of more than one-fifth of the money loaned several months before the expiration of the year for which the loan was made, and the $70,000 to be loaned embraced $8,000 for which the Hotel Corporation was then indebted." The case was, therefore, remanded for a new trial to be had not in conflict with the views expressed in the opinion of the court.

Agreeably to that opinion, the plaintiff amended its declaration, charging the defendant with knowledge of all the terms and conditions of the loan at the time of the execution of the bond. There was a demurrer to the amended declaration, which the trial court overruled; and, issue having been joined, the case was proceeded with and fairly submitted to the jury, upon instructions which conformed to the ruling of this court on the first appeal.

The only other question which need be considered is whether or not the plaintiff made good the allegations of the amended declaration, namely, that the defendant had knowledge of the terms of the loan. That there was serious conflict of evidence on that point is not denied; but the jury having found a verdict for the plaintiff, the question as to the sufficiency of the evidence to sustain the verdict, must be dealt with as upon a demurrer to the evidence.

The evidence tended to prove that A. E. Krise was a member of the board of directors of the plaintiff; that he was present at a meeting of the directors of that company, held February 7, 1907, when all the terms and conditions of the

loan were discussed; that he was president and a director of the defendant, and as such president was charged with the duty of executing, and did in fact execute, the bond in question; that J. L. Hubard was a member of the executive committee of the plaintiff, and was present at the meeting of that committee when the application for the loan to the Hotel Corporation was made, and participated in the proceedings by agreeing to the loan. On February 1, 1907, Hubard was present at a meeting of the executive committee of the plaintiff, and it was agreed to make the loan to the Hotel Corporation. At that meeting Hubard requested that the defendant might be allowed to give the bond. The evidence also tended to prove that on February 2, 1907, the secretary of the plaintiff agreed to accept the defendant as surety on the bond required by the terms of the loan, and the penalty was fixed at $50,000; that shortly thereafter the matter of the defendant giving the bond was taken up with A. E. Krise, the president, and at that conference he was told that the Hotel Corporation had obtained the loan from the plaintiff company, and was to pay two *per cent.* commission for the loan; that a few days later, before February 7, the building committee of the Hotel Corporation met the bonding committee of the defendant to negotiate with reference to the latter giving the bond, and Krise and Hubard were present representing the defendant; that it was then determined to ask the plaintiff to consent to reduce the penalty of the bond from $50,000 to $30,000, so that the Hotel Corporation would have to pay $150 instead of $250 for obtaining the bond, and to extend the time for completing the hotel building free from mechanics' liens from April 15 to May 1, 1907; that on February 7, a meeting of the directors of the plaintiff was held, at which Krise and Hubard were also present, and the minutes of the meeting of the executive committee setting forth the terms of the loan were read and discussed; and, finally, that a few days after the first meeting of the bonding committee

of the defendant, another meeting was held, at which the defendant agreed to execute the bond as surety for the Hotel Corporation, the completion of the building free of mechanics' liens having been extended to May 1, 1907, and on February 15, 1907, the bond was executed by Krise as president of the defendant and delivered. The only other condition of the loan was the advance of $8,000.

The evidence, as we have seen, tends to show that Krise and Hubard were both intimately connected with this transaction in all its details, from its inception to its conclusion, and the inference is a reasonable one that they had knowledge of the $8,000 advance.

There is no other way of bringing knowledge home to a corporation except through its officers and agents; and knowledge acquired by such officers or agents in transactions affecting their business employment must be regarded as actual notice to the corporation.

The rule is clearly stated in *Cook* v. *American Tubing, &c., Co.*, 28 R. I. 41, 65 Atl. 641, 9 L. R. A. (N. S.), 212, (where the authorities on the subject are reviewed) as follows: "We are constrained to hold with these cases, upon grounds of public policy, which require that a corporation shall be held responsible for the knowledge which is possessed by those whom it appoints to represent it. From the nature of its constitution, it can have no other knowledge than that of its officers, and, in dealing with such officers, as with the corporation itself, third parties have a right to consider that what they know it knows. Indeed, when the presiding officer of a corporation is intrusted with the transaction of its business, with full power to bind the corporation in respect to such business, it seems more proper to call the knowledge which he has, actual knowledge of the corporation, rather than to say it is imputed."

The reports abound with illustrations of this principle. *Willard* v. *Denise*, 50 N. J. Eq., 482, 26 Atl. 29, 35 Am. St.

Rep. 788; *Craig* v. *Hadley*, 99 N. Y. 131, N. E. 537, 52 Am. Rep. 9; *Berry* v. *Road*, 168 Mo. 316, 67 S. W. 644; *Holden* v. *N. Y. & Erie Bank*, 72 N. Y. 286; *Union Bank* v. *Campbell*, 23 Tenn. 396.

In *Johnson's Ex'or* v. *Nat. Ex. Bank*, 33 Gratt, 487, it was said: "It is necessary that the notice or knowledge should have been given or imparted to the agent in the same transaction, unless one transaction is closely followed by and connected with the other."

We are of opinion that the evidence was sufficient to warrant the jury in charging the defendant with knowledge of all the terms and conditions of the loan.

We do not deem it necessary to notice the remaining assignments of error, being satisfied, upon the whole case, that the judgment of the Court of Law and Chancery of Norfolk is plainly right, and should be affirmed.

*Affirmed.*