# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Ashley Renee Atkinson, an infant,
and Andrea R. Hutchens

v.

John A. Thomas and
Virginia Beach General Hospital

September 25, 1986

Case No. (Law) 3903

By JUDGE PHILIP L. RUSSO

I have now carefully studied the memoranda submitted to me as well as the authorities cited therein in regard to the question as to whether or not a copy of an "incident report" should be furnished to counsel for the plaintiff by counsel for Virginia Beach General Hospital pursuant to a Request for Production of Documents.

Counsel for the hospital argue that such a report is a privileged communication and that its production is contrary to the clear intent of the provisions of Section 8.01-581.17 of the code of Virginia, as amended. In addition, they contend that it is privileged in that it is part of the attorney's work product and that it was partially prepared in anticipation of litigation.

Counsel for the plaintiffs submit that an Incident Report is relevant to this case; that Discovery in Virginia permissibly includes any matter, not privileged, which is relevant to the subject matter involved in the pending action; that the Hospital has not met its burden to exclude the Incident Report from Discovery; that the Incident Report is not privileged attorney work product, but if it is, the plaintiffs have shown sufficient good cause to be entitled to its release in this case.

Sections 8.01-581.16 and 8.01-581.17 read as follows:

Section 8.01-581.16. *Civil Immunity for Members of or Consultants to Certain Boards or Committees.* Every member of, or health care professional consultant to, any committee, board, group, commission or other entity shall be immune from civil liability for any act, decision, omission or utterance done or made in performance of his duties while serving as a member of or consultant to such committee, board, group, commission or other entity, which functions primarily to review, evaluate, or make recommendations on (i) the duration of patient stays in health care facilities, (ii) the professional services rendered with respect to the medical or dental necessity for such services, (iii) the purpose of promoting the most efficient use of available health care facilities and services, (iv) the adequacy or quality of professional services, (v) the competency and qualifications for professional staff privileges, or (vi) the reasonableness or appropriateness of charges made by or on behalf of health care facilities; provided that such entity has been established pursuant to federal or state law or regulation, pursuant to Joint Commission on Accreditation of Hospital requirements, or established and duly constituted by one or more public or licensed private hospitals, or with a governmental agency, and provided further that such act, decision, omission or utterance is not done or made in bad faith or with malicious intent.

Section 8.01-581.17. *Privileged Communications of Certain Committees.* The proceedings, minutes, records, and reports of any medical staff committee, utilization review committee or other committee as specified in Section 8.01-581.16, together with all communications, both oral and written, originating in or provided to such committees are privileged communications

which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications. Nothing in this section shall be construed as providing any privilege to hospital medical records kept with respect to any patient in the ordinary course of business of operating a hospital nor to any facts or information contained in such records nor shall this section preclude or affect discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient.

The Court is of the opinion that the Incident Report in question falls within the purview of the last sentence of Section 8.01-581.17. It is a hospital medical record kept with respect to the patient, Ashley Renee Atkinson, in the ordinary course of the business of Virginia Beach General Hospital of operating its hospital, and it contains facts and evidence relating to the hospitalization or treatment of the said patient in the ordinary course of her hospitalization.

It further appears to the court that the report was not prepared in anticipation of this litigation and does not fall within the privilege afforded to "Attorney Work Product."

For the foregoing reasons and for the elaboration upon these reasons set forth in the "Memorandum in Support of Plaintiffs' Motion to Compel Production of Defendant Hospital's Incident Report," the court is of the opinion that Virginia Beach Hospital shall furnish a copy of the Incident Report to counsel for the plaintiff.