## CIRCUIT COURT OF THE CITY OF RICHMOND

Hedgepeth

v. ·

Jesudian

May 17, 1988

Case Nos. LM-754 and LM-755

By JUDGE T. J. MARKOW

I have considered MCV's motion to quash the subpoena issued at the plaintiff's request and am prepared to decide the issues raised. My notes reflect that as far as MCV is concerned, there are no objections relating to paragraphs requests 2, 3, 4, 5, 11, 12, 14, 16 or 17.

Counsel for the defendants named in paragraphs 3, 6, 7, 8, 9 and 10 made separate objections. I ruled that defense counsel would review his or her client's file, including the material requested in paragraph 15, and within three weeks of April 25, 1988, advise plaintiff's counsel of material objected to and describe that material and the grounds for objection, other materials would be provided to plaintiff's counsel. Dr. Weinberg's personal record was deemed to be protected from discovery at this time, as he is not a party to these actions.

We are left with the objections to paragraphs 1, 14 and 18. Paragraph 1 demands production of "all documents containing or pertaining to guidelines, rules, regulations, protocols or recommended procedures for the Department of Anesthesiology at the Medical College of Virginia in effect on July 24, 1987.

Paragraph 14 asks for "any and all documents regarding criteria for assessment of patients as they recover from the effects of anesthesia, as enumerated by the Medical College of Virginia Department of Anesthesiology."

MCV argues that the documents requested here are protected by §§ 8.01-581.16 and 8.01-581.17 of the Code of Virginia.

Basically, § 8.01-581.17 protects from usual discovery "The proceedings, minutes, records, and reports of any medical staff committee, utilization review committee or other committee as specified in § 8.01-581.16" (committees, etc., relating to duration of patient stays; the professional services rendered with respect to necessity for the services; promoting efficient use of the health care facility; adequacy or quality of professional services; competency and qualifications for privileges; and reasonableness of charges).

The court does not agree that "guidelines, rules, regulations, protocols or recommended procedures for the Department of Anesthesiology . . ." are proceedings, minutes, records and reports which are intended to be protected from discovery based on its assumption that these materials are the formalized rules disseminated to and expected to be followed by all persons covered by the rules, etc., and, therefore, were never intended to attain a character of confidentiality. These materials do not qualify as privileged or otherwise protected from discovery. Such materials may not be relevant or lead to the discovery of admissible evidence, but there is no way to determine that at this stage; therefore, discovery will be permitted.

Let me be clear, though, as to what has been permitted. ONLY those materials which were formalized "guidelines, rules, regulations, protocols or procedures of the Department of Anesthesiology," NOT all documents containing or pertaining to these as requested by the plaintiff. The latter include privileged materials; i.e., proceedings, minutes, records and reports described in § 8.01-581.17. Paragraph 14 is so broad as to include privileged materials and, accordingly, will be quashed.

Paragraph 18 asks for the production of "contracts entered into by MCV to obtain advertising services." MCV objects on the ground that such contracts are the subject of bidding and negotiation, and to release them could be unfair to the contracting party. The court believes these materials to be beyond the scope of discovery. This material will be protected from discovery.