## CIRCUIT COURT OF THE CITY OF RICHMOND

Hedgepeth

v.

Jesudian et al.

March 8, 1989

Case No. LM-754 and LM-755

By JUDGE T. J. MARKOW

This is in response to plaintiff's Motion to Compel the Commonwealth of Virginia/Medical College of Virginia Hospital to produce "All 'Incident Reports' concerning the brain injuries suffered by Eric A. Hedgepeth on July 24, 1987." MCV responded by stating that the usual "Incident Report" was not produced in this case, but that the reports prepared were protected from discovery, as they were "(1) privileged under Code of Virginia, section 8.01-581.17 (1950), as amended, (2) that the requests are not reasonably calculated to lead to the discovery of admissible evidence, and (3) that the materials are protected from discovery for reasons of public policy; and (4) the materials are protected from discovery because they were prepared in anticipation of litigation."

From statements in the pleadings and memoranda, the court assumes that the plaintiff was hospitalized at the Medical College of Virginia for a routine tonsillectomy which was successfully completed on July 24, 1987. Later that day he experienced cardiac arrest, and attempts to fully resuscitate him were unsuccessful. Plaintiff has suffered significant brain damage.

The circumstances involving the investigation of the incident are established in an affidavit of the hospital's Assistant Director of Nursing for the operating

room and post-anesthesia care unit, which was filed in support of the Medical College of Virginia's objection to production of documents. In her affidavit, she indicates that after consultation with counsel and the representative for the insurance carrier for the hospital, she interviewed nursing personnel possessing direct knowledge of the events of July 24, 1987, and prepared handwritten notes of her interviews. She further stated that she prepared a handwritten analysis of these events setting forth her mental impressions and subjective evaluations of those events. Thereafter, she prepared two documents on forms entitled "Anecdotal Record," which are personnel records concerning one of the nurses who rendered care to the plaintiff. The court will discuss each ground of protection asserted by MCV.

I. *Whether these materials were prepared in anticipation of litigation.*

Supreme Court of Virginia Rule 4:1(a)(3) provides:

a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Plaintiff argues that the compilation of the information was not in anticipation of litigation, as this applies only to pending litigation; in fact the Medical College

of Virginia is not in litigation in this matter even at this date. He concludes, therefore, that the materials should be discoverable and are not protected under this rule.

The court disagrees. If this "only pending litigation" construction were to be given to Rule 4:1(b)(3), the so-called "work product" protection, the rule would be almost useless, as much information and many documents and other materials are prepared anticipating that litigation will ensue. To construe the rule as plaintiff suggests would require anyone, particularly defendants, potential defendants, insurance adjusters, etc., to completely open files to discovery of materials obtained prior to the existence of litigation.

The wording of the rule also distinguishes between material prepared "in anticipation of litigation" from material prepared "for trial." The court construes the rule as it is written to cover those materials "prepared in anticipation of litigation." In applying the common usage of the term "anticipation" to this rule, one would conclude that it applies to those facts and circumstances which would lead a reasonable person to believe that he or she is likely to be or may be involved in litigation and prepared materials to assist in anticipated litigation. Such materials would enjoy the qualified protection provided under the rule.

The court makes no ruling, as the issue was not raised, whether these materials were shared with anyone outside the scope of protection and whether this would constitute a waiver of the protection.

It must next be determined whether plaintiff has a substantial need for these materials and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Plaintiff has available to him hospital records kept in the ordinary course of the hospital's business. Under the discovery rules, he also has the ability to require identification of the names of all persons having knowledge of the events involving his injury, and the ability to depose and use other discovery devices provided in Part Four of the Rules of the Supreme Court of Virginia to determine what happened and who was responsible. Thus, he can determine the identity

of, and can depose, all the same people who gave information found in the materials described in the affidavit.

Unfortunately, this incident occurred almost two years ago, and the memories of the persons involved may not be nearly so clear as they were at the time the statements were given to the agent of the hospital. Plaintiff, therefore, argues that he cannot obtain materials as fresh and as accurate as those obtained by MCV. The court concedes that the quality of the information available to the plaintiff now is probably not of the same quality as that obtained by the hospital, but there is no reason to assume or believe that it is, and will not be, the substantial equivalent. The rule does not allow breach of the protection just because the material you can obtain is not as good as that protected. It must be shown to be of substantially inferior quality. That has not been shown here. Consequently, the court concludes that the materials sought to be discovered are protected under Supreme Court of Virginia Rule 4:1(a)(3).

II. *Privilege provided under Sections 8.01-581.16 and 8.01-581.17 of the Code of Virginia.*

Section 8.01-581.17 of the Code provides:

The proceedings, minutes, records, and reports of any medical staff committee, utilization review committee, or other committee as specified in § 8.01-581.16, together with all communications, both oral and written, originating in or provided to such committees are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications. Nothing in this section shall be construed as providing any privilege to hospital medical records kept with respect to any patient in the ordinary course of business of operating a hospital nor to any facts or information contained in such records nor shall this section

preclude or affect discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient.

MCV argues that the investigating nurse reported her findings to one of the committees described in Section 8.01-581.16, and, therefore, the materials are privileged from discovery. Plaintiff argues, however, that under Joint Accreditation of Hospitals regulations, hospitals are required to conduct such investigations, make reports, etc., and, therefore, these are "hospital records kept with respect to any patient in the ordinary course of business of operating a hospital," and are, therefore, unprotected under this section.

The court does not agree with the plaintiff. What is described in the affidavit are not medical records of the plaintiff. They are not records kept in the ordinary course of the business or relating to his hospitalization and treatment. Instead, these are materials developed outside the ordinary course of business, prepared for counsel and/or the insurance carrier in anticipation of litigation, not prepared for the treatment of the plaintiff, but rather to assist the hospital in litigation and in its planning and the implementation of practices and procedures regarding the adequacy or quality of professional services, and/or the competency and qualifications of the professional staff, all matters which are described in § 8.01-581.16 of the Code. It is the court's view that these materials are privileged from discovery under these code sections.

This is not to say that any person from whom statements were taken or information otherwise obtained by the investigator is in any way privileged from discovery. The privilege is limited to the materials prepared by the investigating Director of Nursing immediately after the accident and based upon her interviews with certain other nursing personnel and which are described in the affidavit supporting MCV's opposition to the discovery request.

III. *Whether the materials are relevant and/or reasonably calculated to lead to the discovery of admissible evidence.*

MCV has not argued this point. Based on the descriptions of the materials obtained, there are few materials which would probably be more relevant and more reasonably calculated to lead to the discovery of admissible evidence than those described. Inasmuch as this point has not been argued by the Medical College of Virginia, it need not be addressed by the court.

IV. *The materials are protected by public policy.*

It is the court's view that the public policies of the Commonwealth in regard to discovery of the materials in question are articulated in Sections 8.01-581.16 and 8.01-581.17, as well as in Rule 4:1(b)(3). As those matters have already been addressed by the court, there is no need to further deal with them.

For the above reasons, the motion to compel will be overruled.