## CIRCUIT COURT OF LOUDOUN COUNTY

Betty Mangano

    v.

Michael A. Kavanaugh
and Loudoun Hospital Center

January 21, 1993

Case No. (Law) 13357

BY JUDGE THOMAS D. HORNE

On December 23, 1992, this Court heard counsels' arguments on Plaintiff's Motion to Compel Discovery. At that time, the Court ruled on all of plaintiff's discovery requests with the exception of those relating to the production of information to which a privilege is asserted pursuant to § 8.01–581.17, Code of Virginia. Because of the differing rulings among the circuit courts in Virginia regarding the scope of the privilege encompassed by § 8.01–581.17, the Court took these discovery requests under advisement.

On January 13, 1993, counsel informed the Court that the parties had settled all claims and that the matter would not be going to trial. Although this settlement makes plaintiff's discovery requests moot, the Court, having taken the matter under advisement, believes it would be appropriate and beneficial to advise counsel how it would have ruled on the protection to be granted under § 8.01–581.17 in medical malpractice cases.

Section 8.01–581.17 of the Virginia Code protects from the discovery process:

> The proceedings, minutes, records, and reports of any medical staff committee, utilization review committee, or other committee as specified in § 8.01–581.16, together with all com-

munications, both oral and written, originating in or provided to such committees . . . .

The committees specified by § 8.01–581.16 include:

such committee, board, group, commission or other entity which functions primarily to review, evaluate, or make recommendations on (i) the duration of patient stays in health care facilities, (ii) the professional services furnished with respect to the medical or dental necessity for such services, (iii) the purpose of promoting the most efficient use of available health care facilities and services, (iv) the adequacy or quality of professional services, (v) the competency and qualifications for professional staff privileges, or (vi) the reasonableness or appropriateness of charges made by or on behalf of health care facilities; provided that such entity has been established pursuant to federal or state law or regulation, or pursuant to Joint Commission on Accreditation of Hospitals requirements, or established and duly constituted by one or more public or licensed private hospitals . . . .

The differing opinions from the circuit courts regarding § 8.01–581.17 have come in the interpretation of what constitutes "proceedings, minutes, records, and reports" of the covered committees as well as the intent of the legislature in limiting discovery of "all communications, both oral and written, originating in or provided to such committees." Some courts have taken a broad approach to the privilege granted by § 8.01–581.17 and have held that communications such as a hospital's policy and procedure manual are privileged from disclosure, as well as hospital "Incident Reports" regarding a particular patient's claim of injury resulting from medical treatment. *See e.g.,* *Hedgepeth* v. *Jesudian,* 15 Va. Cir. 352 (1989) (discovery permitted as to guidelines but not as to reports); *Leslie* v. *Alexander,* 14 Va. Cir. 127 (1988); *Francis* v. *McEntee,* 10 Va. Cir. 126 (1987). On the other hand, some courts have taken a more narrow approach and have held that such communications are not privileged from the discovery process. *See e.g., Hedgepeth* v. *Jesudian,* 12 Va. Cir. 221 (1988) (see above); *Sawyer* v. *Childress,* 12 Va. Cir. 184 (1988); *Benedict* v. *Community Hospital,* 10 Va. Cir. 430 (1988) (medical malpractice review panel); *Johnson* v. *Roanoke Memorial Hospitals,* 9 Va. Cir. 196 (1987); *Atkinson* v. *Thomas,* 9 Va. Cir. 21 (1986).

This Court is of the opinion that § 8.01–581.17 should be read broadly and that protection should be accorded all communications originating from or provided to such medical committees. The Court believes this broad approach is consistent with the objective of the statute which is to encourage health care providers "to adopt policies and procedures which will provide the public with the highest degree of care recognized by the medical and scientific communities at any given time." *Francis* v. *McEntee*, 10 Va. Cir. 126, 128 (1987). In enacting § 8.01–581.17, the Virginia General Assembly recognized that in order to achieve this goal there must be open and frank discussions "where criticisms are actually encouraged and mistakes or deficiencies aggressively exposed . . . ." *Johnson* v. *Roanoke Memorial Hospitals, Inc.*, 9 Va. Cir. 196, 198 (1987). In addition, the legislature recognized the need for privacy in order to promote the type of vigorous debate where such open exchanges could be made without fear of public disclosure. Indeed, without protection from disclosure such discussions would probably be meaningless and without substance. Thus, it is the Court's opinion that the intent of the legislator's in enacting § 8.01–581.17 was to afford the utmost protection to such communications and thus make them privileged from the discovery process.

The Plaintiff has not at this stage of the proceedings demonstrated "good cause arising from extraordinary circumstances" which would justify a disclosure of those matters to which the privilege is asserted. Similarly, the Court need not at this time address the issue of relevancy of specific discovery requests. *Pullen & McCoy* v. *Nickens*, 226 Va. 342 (1983).

Addressing each of plaintiff's discovery requests to which defendants claimed a privilege under § 8.01–518.17, the Court would have ruled that as to certain matters requested the privilege has been properly asserted under § 8.01–581.17 and thus would have denied discovery as to such privileged matters. The Court's comments on each request is as follows:

> *Interrogatory 9.* State completely and in detail your procedure for inquiry, investigation or review of complaints or reports of potential or actual malpractice by either staff physicians or physicians granted privileges in the hospital; and if such procedure has been modified or amended since August, 1986, state precisely the former procedure and the modified or

amended procedure, giving the effective date of modification or amendment.

This request essentially calls for the production of the hospital's policy and procedure manual detailing how medical malpractice claims are investigated and handled by the hospital. As noted above, the circuit courts are split on the particular issue of the discovery of such internal manuals. Those courts holding that such manuals are discoverable rationalize that they are merely the end result of confidential committee proceedings and, as such, do not merit the same concern for protection from public scrutiny. *See e.g., Johnson* v. *Roanoke Memorial Hospitals, supra* at 199 (the "depersonalized manuals of procedure which have been shorn of individualized criticisms" are not protected from discovery).

This Court believes, however, that such policy manuals are encompassed by the privilege under § 8.01–581.17. Such manuals, while they may be the end-product of confidential proceedings, are still communications originating from a committee whose function it is to review, evaluate, or make recommendations on health care facilities and services. As such, they should be given the protection accorded other confidential communications.

> *"Interrogatory 10.* Identify separately . . . all communication, written and oral, from you to either Michael A. Kavanaugh, M.D., or Paul L. Weiner, M.D., or to you from either of them relating to or in any way connected with the possibility of a claim or the actual claim by Plaintiff that is the subject of this litigation; and identify fully all persons who were present when each such communication was made.

The Court believes this request clearly falls within the scope of the privilege encompassed by § 8.01–581.17 as communications originating from or provided to a committee (formed under § 8.01–581.16) whose function it is to review "the adequacy or quality of professional services." As such, these communications are protected from discovery.

This request may also be seeking the production of the hospital's "Incident Report" (or its functional equivalent) as it relates to Plaintiff's claim against defendants. The courts which have held that these reports are discoverable have rationalized that they fall within the exception of § 8.01–581.17, that is, they are "records kept with

respect to any patient in the ordinary course of business of operating a hospital . . . ." *See e.g., Benedict* v. *Community Hospital, supra.* However, this Court believes that such communications are clearly part of the confidential process envisioned by § 8.01–581.17 and must be protected from disclosure. Indeed, a hospital's review and evaluation of a malpractice claim is exactly the type of communication most deserving of frank and open discussion without fear of public disclosure. To the extent that plaintiff's request sought such communications, it would have been denied.

> *Interrogatory 18.* State fully and in detail each and every inquiry, investigation and/or review of either Michael A. Kavanaugh, M.D., or Paul L. Weiner, M.D., including without limitation all relevant dates, circumstances, findings, recommendations, reprimands or other actions.

The Court believes that this request also clearly falls within the scope of the privilege encompassed by § 8.01–581.17 as communications originating from or provided to a committee (formed under § 8.01–581.16) whose function it is to review "the adequacy or quality of professional services," as well as "the competency and qualifications for professional staff privileges." As such, these communications are protected from discovery.

> *Interrogatory 19.* Identify each and every person by name, employer, profession, address and telephone number that was involved in any way with the actual claim or possible claim by Plaintiff . . . or any inquiry, investigation or review referred to in Interrogatory 18 above; and for each person, state their role and the relevant events with which they were connected.

> *Interrogatory 20.* Identify separately . . . each and every document produced or generated in connection with any of the events or persons referred to in Interrogatories 17, 18 and 19 above; and for each such document, identify fully the person who has possession, custody or control thereof.

To the extent that these requests seek underlying documentation to interrogatories previously ruled privileged, the Court would rule that these requests would also be denied.