# CIRCUIT COURT OF THE CITY OF NORFOLK

William G. Hurdle, Adm'r

v.

Oceana Urgent Care, etc., et al.

July 15, 1999

Case No. (Law) L97-924

BY JUDGE EVERETT A. MARTIN, JR.

This action is before the Court on the plaintiff's motion to compel production of certain protocols, policies, practices, routines, and standing orders of certain defendants as well as defendant First Hospital Corporation's incident report concerning the death of the plaintiff's decedent. The defendants have refused to produce these documents claiming they are privileged under Code of Virginia § 8.01-581.17 and that their production is not likely to lead to the discovery of admissible evidence.

## Protocols and Policies

There is a division among the Circuit Court judges on the applicability of the privilege of Code of Virginia § 8.01-581.17 to hospital protocols, policies, etc. After reviewing the briefs and the authorities provided, I find *Johnson, Adm'x* v. *Roanoke Mem. Hosp., Inc.*, 9 Va. Cir. 196 (1987); *Sawyer* v. *Childress*, 12 Va. Cir. 184 (1988); and *Estate of Jessie Curtis* v. *Fairfax Hosp. Sys., Inc.*, 21 Va. Cir. 275 (1990), to be more persuasive on this issue. A lengthy explanation would serve no useful purpose, but I do not believe it necessary for the encouragement of debate and criticism in the formulation of general hospital policies to prevent the disclosure of the policies ultimately adopted.

However, I am also persuaded by *Francis* v. *McEntee*, 10 Va. Cir. 126 (1987), and *Riordan* v. *Fairfax Hosp. Sys., Inc.*, 28 Va. Cir. 560 (1988), that

the production of such protocols, policies, etc. would not likely lead to the discovery of admissible evidence. The standard of care in medical malpractice actions is established by statute, Code of Virginia, § 8.01-581.20, not by the private rules of a particular hospital. The plaintiff claims it is premature to decide this, citing cases allowing a custom or usage of a trade as evidence of the duty owed. Assuming, without deciding, that a breach of a custom or usage of the medical profession could be evidence of negligence in a medical malpractice action, it does not follow that the policies of a single hospital are likely to prove the custom and usage of the entire profession. Trade and professional organizations are legion in this country. They would likely be better sources of such information.

### Incident Report

The production of the incident report is likely to lead to the discovery of admissible evidence. In a case such as this, I cannot think of a document more likely to lead to the discovery of admissible evidence. It will likely have been produced by a person with the background and training to know what questions to ask and what information to collect. The person preparing the report is also likely to have access to those people most knowledgeable about the incident at a time the incident is fresh in mind.

Nor do I believe the incident report is privileged under Code of Virginia § 8.01-581.17. The first sentence could cover such a report as a "communication … provided to [the adequacy or quality of professional services] committee," but the second sentence would exempt it. *Benedict* v. *Community Hosp.*, 10 Va. Cir. 430 (1988); *Atkinson* v. *Thomas*, 9 Va. Cir. 21 (1986). A statute is to be construed as a whole and in a manner to give effect to all of it. *First Va. Bank* v. *O'Leary*, 251 Va. 308, 312, 467 S.E.2d 775, 777 (1996) (citations omitted). First Hospital Corporation does not argue in its brief that such an incident report is not a medical record "kept with respect to any patient in the ordinary course of business of operating a hospital" nor has it asserted facts on brief or at argument to support a claim of work product.

By "incident report," I mean a compilation of facts and witness statements relating to any injury to or the death of plaintiff's decedent. An "incident report" does not include any comment on, evaluation of, or recommendation arising out of such report by any committee described in Code of Virginia § 8.01-581.16.

Ms. Tuck shall prepare the appropriate order requiring production of the incident report within fourteen days of the date of this letter and sustaining the objection to the production of the protocols and policies.