## CIRCUIT COURT OF FAIRFAX COUNTY

Alfred F. Head,
Personal Representative
and Administrator
of the Estate of
Zona Olivia Ann Truman Head

v.

INOVA Health Care
Services et al.

Case No. (Law) 189605

March 7, 2001

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on February 16, 2001, for a hearing on Plaintiff's Motion to Compel. At the end of the hearing, the Court asked Counsel for Defendant INOVA Health Care Services (INOVA) to provide, for *in camera* review, an itemized list and description of all documents responsive to the disputed discovery requests. After careful review, the Court finds that the disputed documents are privileged from discovery. Counsel for INOVA's itemized list and description of documents will be maintained under seal to be opened only by Counsel for INOVA.

This is a medical negligence action resulting from treatment at the psychiatric unit of INOVA Fairfax Hospital. On August 1, 2000, INOVA was served with Plaintiff's Motion for Judgment and a Request for Production of Documents. In its August 22, 2000, response to the Request for Production of Documents, INOVA objected to Request Numbers Two, Three, and Seven on privilege grounds.

Request Numbers Two and Seven seek, *inter alia*, hospital protocols, procedures, and policies regarding psychiatric treatment and release of patients

against medical advice. Request Number Three seeks documentation regarding the hospital's risk management and risk assessment investigations of the incident described in the Motion for Judgment.

The documents responsive to Request Numbers Two and Seven consist of seven protocols formulated by the Psychiatry Staff Committee that set forth hospital procedures regarding the care of psychiatric patients. The Court finds that such documents are protected from discovery by § 8.01-581.17. That section provides:

> The proceedings, minutes, records, and reports of any (i) medical staff committee, utilization review committee, or other committee as specified in § 8.01-581.16 and (ii) nonprofit entity that provides a centralized credentialing service, together with all communications, both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications.

It does not appear that the Supreme Court of Virginia has directly addressed the issue presented in this case. The Court has, however, explained the importance of protecting documents related to peer review. *See HCA Health Services of Virginia, Inc. v. Levin*, 260 Va. 215, 220, 530 S.E.2d 417 (2000) ("The obvious legislative intent is to promote open and frank discussion during the peer review process among health care providers in furtherance of the overall goal of improvement of the health care system. If peer review information were not confidential, there would be little incentive to participate in the process.").

Numerous Circuit Court decisions have read § 8.01-581.17 broadly to include documents such as those sought by Plaintiff. *See, e.g., Mangano v. Kavanaugh*, 30 Va. Cir. 66 (Loudoun County 1993) (holding that a hospital policy and procedure manual is protected from discovery); *Riordan v. Fairfax Hospital, Inc.*, 28 Va. Cir. 560 (1988) (noting the split of opinion as to the discoverability of hospital manuals but deciding in favor of confidentiality); *Francis v. McEntee*, 10 Va. Cir. 126 (Richmond City 1987) (expressing the desirability of encouraging health care providers to engage in frank discussions designed to improve health care services).

This Court will follow those that have read § 8.01-581.17 broadly. Therefore, INOVA is not required to produce the documents listed in response to Request Numbers Two and Seven.

The documents sought in Document Request Three consist of a letter from Counsel for INOVA to a Risk Management Analyst, asking the analyst to begin an investigation of the incident described in the Motion for Judgment, and three memoranda from the analyst to Counsel for INOVA summarizing interviews with treating nurses. The Court finds that the attorney-client privilege and work product doctrine protect these documents from discovery.

April 16, 2001

BY JUDGE DENNIS J. SMITH

This matter came before the Court upon Defendants' Motions for Summary Judgment. The Court overruled the motions but took under advisement the specific issue of whether under Va. Code § 54.1-2400.1(B) the communication of a threat which can create liability of a mental health service provider to a third party is limited to direct communication between a patient and a provider or whether the communication could also include a threat made by the patient, recorded in his chart and reviewed by a mental health service provider. After considering the matter further, the Court overrules the motions in their entireties and finds that the communication of a threat is not limited to direct communication between a patient and a provider.

Va. Code § 54.1-2400.1 includes in its definition of "mental health service provider" or "provider," "a professional corporation, all of whose shareholders or members are so licensed." Va. Code § 54.1-2400.1(A). "There is no other way of bringing knowledge to a corporation except through its officers and agents; and knowledge acquired by such officers or agents in transactions affecting their business employment must be regarded as actual knowledge to the corporation." *Chesapeake & O. R. Co. v. Williams Slate Co.*, 143 Va. 722, 736, 129 S.E. 499 (1925), quoting *Atlantic Trust Co. v. Union Trust Co.*, 111 Va. 574, 579, 69 S.E. 975 (1911). In construing section (B) of the statute in light of the statute's definition of a mental health service provider, it follows that a communication, as contemplated in section (B), is not limited to direct communications between the patient and the provider sought to be held liable but also encompasses communications made to agents of mental health service providers. In the case at bar, there are material facts in dispute with respect to any agency status among the defendants and persons

to whom the alleged threats may have been directly communicated, thus summary judgment is inappropriate.

April 25, 2001

BY JUDGE JONATHAN C. THACHER

On April 20, 2001, Counsel for Plaintiff submitted a letter to the Court asking that the Court reconsider its March 26, 2001, order that denied Plaintiff's Motion to Compel production of hospital procedures, policies, and protocols regarding psychiatric treatment and release of patients against medical advice. After carefully reviewing Counsel's letter and the Court's prior ruling, Plaintiff's request for reconsideration is denied.