# CIRCUIT COURT OF SMYTH COUNTY

James A. Arnold,
Guardian and Conservator of
Thelma G. Arnold
and her estate

    v.

Convalescent Care, Inc.,
and Mountain Empire
Health Facilities Associates, L.P.,
d/b/a Valley Health Care Center

February 4, 2004

Case No. Law 02-43

By Judge C. Randall Lowe

The Court has before it Plaintiff's Motion for Leave To Amend and a Motion To Compel. The Court has reviewed this matter, including the oral argument of counsel and the memoranda filed herein.

A Motion To Amend should be liberally granted, except in those cases where prejudice would result to the defendant. The defendants maintain that the plaintiff is not timely in the filing of the amendment. The Court can not find that granting the amendment would prejudice the defendant. Therefore, the Court grants the Motion To Amend. The defendants will have twenty-one days to file responsive pleadings to the Amended Motion for Judgment from the date of entry of the order.

As to the Motion To Compel, the Court Finds as follows. The plaintiff requested that the defendants respond to the following questions:

> Please describe fully all subsequent remedial measures taken by the defendants or others in response to the incidents and injuries described in the motion for judgment.
> Please produce copies of all documents concerning alarm systems, including without limitation electronic tethering

bracelet systems and door and exit alarms, used or available for use at Valley Health Care Center from January 1, 1999, through June 30, 2000, to prevent resident elopement or wandering, including without limitation documents concerning the placement, installation, inspection, effectiveness, geographic coverage, operation, maintenance, servicing, monitoring, testing, repair, and repair history of the alarm systems, as well as all manuals provided to the facility concerning the alarm systems.

The defendants object to the production of this information as it is not typically admissible evidence. However, at the discovery stage of the litigation, it cannot be said with a certainty that the requested information will not lead to the discovery of admissible evidence pursuant to the applicable Rules of the Supreme Court of Virginia. Therefore, I will direct the production of this requested material and reserve the ruling on its admissibility for the trial of this matter.

The plaintiffs also move to compel the production of information concerning prior wandering incidents and injuries as follows:

Please produce copies of all documents concerning instances of attempted or successful elopement by residents of Valley Health Care Center from January 1, 1998, through April 14, 2000, including without limitation incident reports, investigative reports, police calls and reports, and all other documents describing the time, manner, circumstance, and results of the elopement. For all responsive documents other than those concerning Thelma Arnold, please redact resident names.

The defendants object to this production on the basis of having to disclose patients' medical records. It appears to the Court, that the request is for incident reports prepared by staff memorializing the facts as they occurred in other wandering incidents and injuries. It would appear that, if the names and information that describe the particular patient was redacted, then the disclosure of the identity of the patient has been protected and clearly incident reports are discoverable. *William G. Hurdle, Adm'r v. Oceana Urgent Care, etc.*, 49 Va. Cir. 328, 329; 1999 Va. Cir. LEXIS 333 (1999). Therefore, the Court will compel the production of incident reports concerning prior wandering incidents and injuries.

Finally, the plaintiffs request production of the defendants' policies and procedures manual as follows:

Please produce copies of all policies and procedures in effect at Valley Health Care Center from January 1, 2000, to the present concerning the following: a. elopement by residents;

b. wandering by residents; c. "missing persons"; d. hydration/ dehydration; e. urosepsis; f. urinary tract infection; g. door alarms; h. electronic tethering bracelets; i. staffing; and, j. staff monitoring of building exits.

The defendant maintains that such materials are protected by Virginia Code § 8.01-581.17. The Court has reviewed the case law in this matter, and it appears that the circuits are in disagreement as to whether requests for policy and procedure manuals are precluded by § 8.01-581.17. It does not appear to this court that the information contained in the policy and procedure manual is protected pursuant to § 8.01-581.17. Filed as an exhibit to the plaintiff's brief is the opinion letter of the Honorable Robert P. Doherty, Jr., who addresses this issue and sets forth a reasoned opinion why the production of the procedure manual is not precluded by § 8.01-581.17. I share the opinion of Judge Doherty. I will adopt Judge Doherty's reasoning as set forth in his opinion letter dated August 21, 2002, in the matter of *Day v. Medical Facilities of Am., Inc.*, City of Salem Circuit Court, CL02-3, 59 Va. Cir. 378; 2002 Va. Cir. LEXIS 372 (2002). The Court will compel the production.