# CIRCUIT COURT OF ALBEMARLE COUNTY

Wendy M. Witzke

v.

Martha Jefferson
Surgery Center, L.L.C.,
Christopher B. Stewart, et al.

February 15, 2006

Case No. (Law) C104-9993

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on Plaintiff's Motion to Compel regarding the production of an incident report dated November 7, 2003, prepared by Donna Bossardt, R.N. Argument was heard on the motion on December 16, 2005, and the Court took the matter under advisement.

According to the representation to the Court of the facts pertinent to the motion, Plaintiff, Wendy M. Witzke underwent routine outpatient day surgery to remove plantar warts. Surgery was performed by Dr. Christopher Stewart, Defendant. Dr. Stewart ordered an Epinephrine solution to minimize bleeding during surgery. The claim is that the drug administered was unsafe in the concentration administered and the injection caused Plaintiff to experience coronary artery spasm and suffer a heart attack.

On November 7, 2003, Donna Bossardt, R.N., prepared an incident report, of which Plaintiff has sought the production through discovery. Defendant Ambulatory Care Center of America, L.L.C., objected to the production of the incident report as being work product and as being a privileged communication pursuant to § 8.01-581.17 of the Code of Virginia of 1950, as amended.

The incident report in question was filed with Risk Management and Quality Assurance. Counsel represented to the Court that the report went up

the chain of command, but there is no evidence as to whether Risk Management or Quality Assurance read the report. It was represented that the surgical procedure in question was discussed in Quality Assurance.

*Discussion of Authority and Analysis*

### A. *Work Product Doctrine*

This Court has previously ruled in *Prince v. Ponderosa Steakhouse, Inc.*, 40 Va. Cir. 466 (1996), that such a report done in the ordinary course of business is not be considered as having been done in anticipation of litigation. However, the Court indicated that it was necessary to rule on a case by case basis. Mr. Cattano has also cited the Court to *Brown v. Laboratory Corp. of Am.*, 67 Va. Cir. 232 (2005), which follows the logic of *Ponderosa* and holds that an incident report taken in the routine course of business is not prepared in anticipation of litigation and is not protected under the work product doctrine.

### B. *Privileged Communication Under Va. Code § 8.01-581.17*

In looking at § 8.01-581.17 of the Code, that section states that:

> B. The proceedings, minutes, records, and reports of any (i) medical staff committee . . . together with all communications, both oral and written, originating in or provided to such committees or entities, are privileged communications which may not be disclosed or obtained by legal discovery proceedings unless a circuit court, after a hearing and for good cause arising from extraordinary circumstances being shown, orders the disclosure of such proceedings, minutes, records, reports, or communications. . . .
>
> C. Nothing in this section shall be construed as providing any privilege to health care provider [records] . . . kept with respect to any patient in the ordinary course of business of operation of a hospital . . . nor to any facts or information contained in such records nor shall this section preclude or affect discovery of or production of evidence relating to hospitalization or treatment of any patient in the ordinary course of hospitalization of such patient.

Subsection B above protects from discovery most records and communication of any medical staff committee. Subsection C creates an exception, making patient records kept in the ordinary course of business discoverable.

The definition of "ordinary course of business" is "conduct of business within normal commercial customs and usages." Law.com definition, available at http://dictionary.law.com/default2.asp?selected=1412. The term is not defined in the statute at issue in this case and is most commonly used in bankruptcy and sales contexts. As used in discovery contexts, the term is meant to differentiate ordinary business documents from those prepared in anticipation of litigation. *State ex rel. United Hosp. Ctr. v. Bedell*, 199 W. Va. 316, 328 (1997). Determining whether something has occurred in the ordinary course of business is a factual inquiry. The Supreme Court of West Virginia found a nurse's incident report to be discoverable because there was evidence that such reports were prepared in connection with any event that occurs during a hospital stay which is non-routine. *Id.* The same court, however, found that an investigative committee's investigative report was work product, because its motivating purpose was to assist in pending or probable litigation. *Id.* at 330-31.

The defendant states that there are no "extraordinary circumstances" shown and so the document is not discoverable. The defendant cites *HCA Health Servs. of Va. v. Levin*, 260 Va. 215, 530 S.E.2d 417 (2000), as support for its contention.

The plaintiff cites to cases, however, that indicate that the incident report is discoverable. In *Shifflett v. Evergreene Med. Investors, L.L.C.*, 2004 WL 2334761 (Greene County 2004), Judge Bouton wrote that "simple, factual reports that have been prepared by staff members, employees, and healthcare providers about specific incidents, patients, accidents, or injuries can be the subject of a routine discovery request." *Id.* at *1. Although the reasoning for permitting discovery in *Eppard v. Kelly*, 62 Va. Cir. 57 (Charlottesville 2004), is inapplicable to the case at bar (Judge Hogshire found that an insurer's committee does not fall within the category of committees being primarily engaged in improving the quality of healthcare foreseen by Va. Code Ann. § 8.01-581.17), that case cites to several other circuit court cases that are directly on point and conclude that incident reports stating only the facts of an incident are discoverable.

For instance, in *Bradburn v. Rockingham Mem'l Hosp.*, 45 Va. Cir. 356 (Rockingham County 1998), Judge McGrath ruled that the incident

220

reports in question were discoverable because they did not rise to the level as contemplated by the statute of being quality assurance deliberative documents. In *Hurdle v. Oceana Urgent Care*, 49 Va. Cir. 328 (Norfolk 1999), Judge Martin ordered production of an incident report after concluding that a compilation of facts and witness statements relating to the injury or death of a patient is a medical record "kept with respect to any patient in the ordinary course of business of operating a hospital." *Id.* at 328. He also noted that the incident report at issue did not contain any comment on, evaluation of, or recommendation arising out of such report by any committee described in the relevant statute. *Id.*

The weight of the evidence supports the conclusion that, under Virginia law, a factual incident report is not work product and is not protected from discovery by statute. Because there is no evidence that this was a report specially prepared for quality assurance purposes, it appears to be a medical record kept with respect to the patient in the ordinary course of business of operating a hospital. Therefore, the Court rules the incident report should be produced and grants the Motion to Compel.