Present:  Lacy, Keenan, Koontz, Kinser, Lemons, Agee, JJ., and
Compton, S.J.

VIRGINIA POLYTECHNIC INSTITUTE AND
  STATE UNIVERSITY, ET AL.
                                    OPINION BY
v.  Record No. 050710      JUSTICE LAWRENCE L. KOONTZ, JR.
                                   March 3, 2006
INTERACTIVE RETURN SERVICE, INC.

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Theodore J. Markow, Judge


     The sole issue in this appeal is whether the Setoff Debt

Collection Act, Code §§ 58.1-520 through -535, (the "Act")

permits an agency of the Commonwealth to offset the amount of a

monetary judgment in favor of a judgment creditor against a

larger debt owed by that judgment creditor to the agency.

                            BACKGROUND

     The events ultimately leading to this appeal began in the

mid-1990s when Interactive Return Service, Inc. ("Interactive

Service") entered into certain research contracts with Virginia

Polytechnic Institute and State University ("Virginia Tech") and

Virginia Tech Intellectual Properties, Inc. ("VTIP").[1]  We have

previously related in some detail the subject matter of those

contracts and the specific obligations and performances of the

parties under those contracts in Virginia Polytechnic Inst. &

_____

     [1] David A. Von Moll is an appellant to this appeal in his
official capacity as Comptroller for the Commonwealth of
Virginia pursuant to Code §  8.01-193.

State University v. Interactive Return Serv., Inc., 267 Va. 642, 595 S.E.2d 1 (2004). The significance of that case to the present appeal is that a jury returned a verdict on a breach of contract claim against Virginia Tech and VTIP, jointly and severally, in the amount of $110,000. Id. at 646, 595 S.E.2d at 2. The Circuit Court of the City of Richmond entered judgment in that amount in favor of Interactive Service, and we affirmed that judgment. Id. at 656, 595 S.E.2d at 9. Additionally, we noted that Interactive Service "admitted at trial that it owed Virginia Tech approximately $750,000." Id. at 647, 595 S.E.2d at 3.

Thereafter, on June 21, 2004, Virginia Tech notified Interactive Service, pursuant to a provision of the Act, that it would satisfy the above referenced monetary judgment by applying that amount against $749,611.06 Interactive Service owed to Virginia Tech. Interactive Service contested the setoff on several grounds and demanded a hearing before a debt setoff panel established by Virginia Tech under its operating statutes to "determine whether the claim is valid" and whether the "claimed sum asserted as due and owing is correct." Code § 58.1-526.

The panel held a hearing on September 1, 2004 in which it received and considered the testimony of the parties' witnesses

2

and the argument of the parties' counsel.  On September 28, 2004, the panel issued a written opinion listing its findings of fact and rendering its decision.  The panel found that, in pertinent part, under a valid contract Virginia Tech had performed research services for Interactive Service with a value in excess of $122,833.56 (the amount of the prior judgment in favor of Interactive Service and post-judgment interest at the time of the hearing).  The panel concluded that the "sum of $122,883.56 is a valid claim subject to the provisions of the . . . Act . . . and that the sum of $122,883.56 shall be released to" Virginia Tech.  Interactive Service did not appeal the panel's decision.

Pursuant to Code §  8.01-455, Virginia Tech and VTIP subsequently filed a motion in the circuit court applying to have Interactive Service's breach of contract judgment against them marked satisfied.  Following a hearing on the motion, the circuit court issued a final order dated December 27, 2004.

Initially, the circuit court ruled that Interactive Service was barred from challenging the amounts owed because it failed to appeal the panel's findings regarding those amounts within the 30 days allowed by Code §  58.1-527.  Next, addressing Interactive Service's assertion that the Act applies only to tax refunds, the circuit court concluded that "the Act is intended

to allow agencies of the Commonwealth such as [Virginia Tech] to set off debts owed such agencies against tax refunds owed by the Commonwealth to the debtor."  Since funds due to Interactive Service on a breach of contract judgment, not a tax refund, were implicated in the case, the circuit court denied Virginia Tech and VTIP's motion to have the breach of contract judgment marked satisfied.  We awarded Virginia Tech this appeal.[2]

DISCUSSION

Our resolution of the question whether the circuit court erred in denying the motion to have the monetary judgment in favor of Interactive Service marked satisfied requires our interpretation of the Act.  In doing so, we are guided by well-established principles.  Interpretation of a statute is a pure question of law subject to de novo review by this Court. Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003). In interpreting a statute, we are required to "ascertain and give effect to the intention of the legislature," which is usually self-evident from the statutory language.  Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003).  When the language in a statute is clear and unambiguous, we apply the statute according to its plain

_____

[2] We also awarded VTIP a separate appeal.  Because of the view we take in the present appeal, by separate order entered

4

language.  HCA Health Servs. v. Levin, 260 Va. 215, 220, 530 S.E.2d 417, 419-20 (2000).

We begin our analysis by emphasizing that the issue in this case is not whether the Act applies to tax refunds but, rather, whether the Act applies only to such refunds.  Beyond question, the statutory scheme of the Act applies to Virginia state and local income tax refunds due any individual having a delinquent debt or account with a state agency or institution which obligation has not been satisfied or set aside by court order, or discharged in bankruptcy.  See Code § 58.1-520 (defining claimant agency, debtor, delinquent debt, and refund).  In general, this statutory scheme provides the procedures to be followed by the claimant agency to establish the validity of its claim, to establish the correctness of the amount of that claim against the debtor, and to secure the assistance of the Department of Taxation to accomplish a setoff of the debtor's tax refund against the debt.  See Code § 58.1-526 (hearing by agency established by its operating statutes); Code § 58.1-527 (appeal to a designated circuit court); Code § 58.1-523 (Department of Taxation shall render assistance in collection of delinquent account or debt owing to claimant agency by debtor);

today we have dismissed VTIP's appeal as moot.

and Code § 58.1-529 (Department of Taxation to setoff refund against debt).

To resolve the question whether this statutory scheme is limited in its application to tax refunds, our focus turns to Code § 58.1-535. In doing so, we note that there is no ambiguity in the language of that statute.

Code § 58.1-535(A) states that:

> In addition to the collection remedy provided in this article, if a claimant agency has on deposit any funds which are due to the debtor, the claimant agency may apply such funds to the payment of any delinquent debt which the debtor owes to the claimant agency, provided that the claimant agency first provides written notification to the debtor of its intent to apply the funds against the debt.

Code § 58.1-535(D) defines "funds on deposit" as "any funds of a debtor that a claimant agency may have in its possession including . . . any funds due to a debtor arising from a contractual agreement with a claimant agency." In contrast to Code § 58.1-520, this subsection defines "debtor" as "any individual, business or group having a delinquent debt or account with any claimant agency which obligation has not been satisfied by court order, set aside by court order, or discharged in bankruptcy."

The plain language of Code § 58.1-535 evinces a clear legislative intent to extend the scope of the collection remedy provided a claimant agency by the other provisions of the Act

6

beyond instances in which the debtor is due a tax refund. Initially, that intent is signaled by the language "[i]n addition to the collection remedy provided in this article" in the introductory language of subsection (A). The language in subsection (D) defining "funds on deposit" to include "any funds due a debtor arising from a contractual agreement with a claimant agency" clearly broadens the scope of the remedy provided by the statute beyond instances involving a tax refund due the debtor. Additionally, the definition of "debtor" in subsection (D) is broadened to include not merely an individual as defined in Code § 58.1-520, but also "any business or group having a delinquent debt or account with any claimant agency."

The General Assembly's use of the words "refund" and "refunds" in several other subsections in the Act, and the absence of the term in Code § 58.1-535, provide additional support for the conclusion that the General Assembly did not intend to limit the applicability of Code § 58.1-535 to tax refunds. See Code §§ 58.1-523, -524, -525(A) & (B), -528(A), -530, and -531.1 (all using the terms "refund" or "refunds"); see also Industrial Dev. Auth. v. Board of Supervisors, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002)(stating that "when the General Assembly includes specific language in one section of an act, but omits that language from another section," an appellate

7

court "presume[s] that the exclusion of the language was intentional").

There is no merit to Interactive Service's contention that the placement of the Act in the taxation title of the Code supports the circuit court's finding that it only applies to tax refunds. Certainly, appellate courts read related statutes in pari materia in order to give, when possible, consistent meaning to the language used by the General Assembly. LZM, Inc. v. Virginia Dept. of Taxation, 269 Va. 105, 111, 606 S.E.2d 797, 800 (2005). However, where a plain reading of a statute yields a result that is not inconsistent with related provisions, the statute's mere placement in a certain section of the Code will not negate or alter its clear and plain meaning. See HCA Health Servs., 260 Va. at 220-21, 597 S.E.2d at 420.

We turn now to consider the application of Code § 58.1-535 to the undisputed facts in this case. At the time the panel convened, Virginia Tech, the claimant agency, held $122,883.56 in funds that were due to Interactive Service under the breach of contract judgment. Those funds clearly qualify as "funds on deposit" under the broad definition of "any funds of a debtor that a claimant agency may have in its possession, including . . . funds due to a debtor arising from a contractual agreement with a claimant agency." (Emphasis added.) The panel found

8

that Interactive Service owed a delinquent debt to Virginia Tech in an amount greater than the monetary judgment. Interactive Service did not appeal that determination. Furthermore, we have previously noted that Interactive Service admitted in the prior breach of contract trial that it owed Virginia Tech approximately $750,000. The precise amount of that indebtedness is not at issue; it is sufficient for purposes of this appeal that the amount of the indebtedness exceeds the amount of the monetary judgment and that this indebtedness is delinquent. Accordingly, it is clear that Interactive Service owes Virginia Tech a "delinquent debt," and that debt is eligible for setoff against Interactive Service's "funds on deposit" with Virginia Tech as permitted by Code § 58.1-535. Thus, it necessarily follows that the circuit court erred in denying Virginia Tech's motion to have the monetary judgment marked satisfied.[3]

---

[3] Interactive Service contends that the issue of setoff is barred by res judicata principles in this case. There is no merit to this contention because a determination of the amount of Interactive Service's indebtedness to Virginia Tech was not at issue in the breach of contract action in the circuit court. Moreover, in the present case, the circuit court did not rule on the res judicata issue and Interactive Service has not assigned cross-error to the circuit court's failure to do so. That issue is not before us. Baumann v. Capozio, 269 Va. 356, 361, 611 S.E.2d 597, 600 (2005). We emphasize, however, that we do not decide here the amount of the indebtedness which Interactive

CONCLUSION

For these reasons, we hold that the Setoff Debt Collection Act is not limited in application to tax refunds, and that Code § 58.1-535 permits a claimant agency when in compliance with the provisions of that statute to set off a monetary judgment debt. Accordingly, the circuit court's order denying the motion to have the judgment against Virginia Tech marked satisfied will be reversed, and the case remanded to the circuit court for the sole purpose of entering an order marking the judgment satisfied.

<u>Reversed and remanded</u>.

Service may owe to Virginia Tech after giving effect to the setoff.