# CIRCUIT COURT OF THE CITY OF DANVILLE

DeAyre Hairston

v.

Louis E. Eliacin
and Women's Health
Care Center, Inc.

April 26, 2011

Case No. CL10-028

By JUDGE DAVID A. MELESCO

This matter comes before the Court upon DRMC's Motion to Quash and Motion to Reconsider and upon argument of counsel at a hearing held April 14, 2011. DRMC's Motion to Reconsider and Motion to Quash seek to protect a document now under *in camera* review from disclosure to Plaintiff, based on Va. Code § 8.01-581.17. For the reasons below, the Court denies DRMC's Motion to Quash in part and grants it in part.

DRMC has acknowledged that it holds a document prepared in response to the incident involving DeAyre Hairston, which falls within the scope of Plaintiff's requests for production. DRMC contends, however, that the document is protected in its entirety from discovery by Va. Code § 8.01-581.17. (Motion to Quash 2.) Plaintiff disagrees that the factual information in the document is protected or, if it is protected, that he may depose the person who created the document as to its underlying facts. DRMC asserts that he or she is also protected from deposition under that Code section. Finally, Plaintiff argues that, even if both document and writer are protected, he is nonetheless entitled to the document because of "extraordinary circumstances" in this case favoring its disclosure: (1) the Plaintiff is a minor incapable of recollecting the incident and (2), at deposition, Dr. Eliacin gave no explanation as to how the injury occurred. (See Memorandum in Opposition 8.) Because the Court finds that the facts related to the Hairston incident are not privileged, it will not reach the issues of deposing the document's author or extraordinary circumstances.

*Discussion*

Va. Code § 8.01-581.17(B) states, in relevant part, that "reports of any . . . peer review committee . . . together with all communications, both oral and written, originating in or provided to such committee [] are privileged communications which may not be disclosed or obtained by legal discovery proceedings[.]"

The primary case addressing the discoverability of evidence under that section is *Riverside Hospital v. Johnson*, 272 Va. 518 (2006). In *Riverside*, the plaintiff's estate sued a hospital after she died of lymphoma exacerbated by complications brought on from a fall at the facility. The fall was alleged to have occurred because the hospital had been negligent in its supervision of the elderly plaintiff. The defendant had objected when the trial court compelled it to produce a document labeled "Quality Care Control Report" ("QCCR") on the basis of the statute. *Id.* at 530. Va. Code § 8.01-581.17(C), on which the decision in *Riverside* is based, states "Nothing in this section shall be construed as providing any privilege to . . . medical records kept with respect to any patient in the ordinary course of business of operating a hospital . . . nor to any facts or information contained in such records[.]" On that basis, the Supreme Court affirmed the trial court's decision, concluding that "[f]actual patient care incident information . . . is not the type of information that must 'necessarily be confidential' in order to allow participation in the peer . . . review process." *Id.* at 533. The Supreme Court noted that the hospital routinely completed such QCCR's for all falls and thus QCCR's "were medical records of the hospital made and kept in the normal course of the operation of the hospital." *Id.* at 534. On these two bases, the factual information contained in the QCCR was held not privileged by statute.

The document requested in *Riverside* is similar to the document in the instant case, so that case controls our analysis. The document at issue here contains conclusions and analysis, as well as a straightforward, though brief, factual account of the incident. It addresses a specific incident involving a specific patient. It appears to be a record that would be created as a matter of course after any serious mishap and is therefore a medical record kept with respect to a particular patient in the ordinary course of business under *Riverside*. Application of that case to the instant one dictates that the factual information contained within this document is not privileged pursuant to Va. Code § 8.01-581.17.

DRMC points to an earlier Supreme Court opinion, *HCA Health Services of Va., Inc. v. Levin*, 260 Va. 215, 220 (2000), for the proposition that "communications originating in quality assurance committees 'are privileged communications'." (DRMC's Brief 3.) While DRMC correctly characterizes *HCA*, that holding is inapposite. *HCA* merely restates the main thrust of Va. Code § 8.01-581.17. The privilege which *HCA* discusses

is still tempered by subsection (C), so consideration of that case does not affect the Court's analysis.

Finally, DRMC cites the forthcoming amendment to Va. Code § 8.01-581.17 as evidence of the General Assembly's original intent regarding the discoverability of documents pursuant to that section. Assuming arguendo that (1) this General Assembly indeed believes the amended law reflects the law's original intent, (2) it is appropriate to look to recent legislation of this General Assembly to divine the legislative intent of an earlier General Assembly, and (3) it is appropriate to decide this issue on the basis of that forthcoming legislation, the outcome in this case would not change.

The new subsection (B) will read, "The proceedings, minutes, records, and reports of any . . . peer review committee . . . together with all communications . . . whether factual or deliberative . . . provided to such committees . . . are privileged[.]" If not for the exception provided in subsection (C), this new language would clearly preclude discovery of the document at issue. However, due to the nature of this document, the new subsection (C) would still require its disclosure. That subsection now reads, "Nothing in this section shall be construed as providing any privilege to (i) medical records . . . or any facts or information contained in such records[.]" As discussed above, under *Riverside,* this document would be considered a medical record kept in the ordinary course of business and therefore discoverable. Regardless, the Court is not persuaded that it should apply the future iteration of Va. Code § 8.01-581.17, resting its analysis instead upon the statute as it now reads.

## Conclusion

Under current statutory law and *Riverside,* the document at issue contains factual patient information and appears to be a medical record created in the ordinary course of business. The Court now produces that information to which Plaintiff is entitled, in a redacted form free of all deliberative, analytical, and conclusory material:

> *Patient Admission Profile.* . . . Occurrence: Penile glans transection by Mogen clamp per Dr. Eliacin. Direct pressure was applied to penis and ice was applied. # 5 french feeding tube inserted into urethra by Dr. Eliacin and to straight drain with use of uro-bag. Continuous pressure and ice. . . .

All other elements of the document are privileged pursuant to Va. Code § 8.01-581.17.