COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judges O'Brien and Causey
Argued by videoconference


DAVID ANDREW ASH

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1742-23-1                      JUDGE MARY GRACE O'BRIEN
                                                    DECEMBER 30, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
H. Thomas Padrick, Jr., Judge Designate

Elena Kagan, Assistant Public Defender (Catherine French
Zagurskie, Chief Appellate Counsel; Virginia Indigent Defense
Commission, on briefs), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


David Andrew Ash appeals the imposition of his previously suspended three-year sentence

after being found in violation of probation. He contends that this sentence exceeds the range

permitted by Code § 19.2-306.1 because it was for a good conduct violation that did not result in a

criminal conviction. He also challenges the court's underlying finding that he violated the condition

of his suspended sentence relating to his waiver of his Fourth Amendment rights.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). On appeal, we

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

consider the evidence "in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In a February 9, 2018 order, pursuant to a plea agreement, the court convicted Ash of possessing heroin with the intent to distribute as a second offense and sentenced him to six years of imprisonment with three years suspended. The court also ordered Ash to complete three years of supervised probation. The sentencing order specified conditions of Ash's suspended sentence, including the following:

> The defendant shall waive any Fourth Amendment right against unreasonable searche[s] and seizures for a period [of] five (5) years as of today to-wit: the defendant shall submit to a person, place of residence, and property to [sic] search or seizure at any time of the day or night by any law enforcement officer with or without a warrant.

The plea agreement also contained the Fourth Amendment waiver.[1]

On April 27, 2023, the court issued a capias for Ash's arrest for violating a condition of his suspended sentence. At a subsequent revocation hearing, Officer Reinhardt of the Chesapeake police testified that on July 21, 2022, he stopped a car driven by Ash. Using Ash's identifying information, Officer Reinhardt learned that Ash had waived his Fourth Amendment rights. After advising Ash of the waiver, Officer Reinhardt asked to search the car. Ash responded that it was not his car and he could not let the officer search it. The officer repeated the request and received the same response. There was a female passenger in the car. When the officer asked for her name, Ash told her not to talk, and she did not answer.

Ash eventually gave the car's registration and insurance information to Officer Reinhardt. The officer asked if Ash had any guns or drugs in the car, and Ash said no. The officer said,

---

[1] The plea agreement waiver differed from the condition in the sentencing order in that it referred to Ash waiving his right against unreasonable searches and seizures of "*his* person, place of residence, and property." (Emphasis added).

- 2 -

"[M]ind if I search you?" Ash asked if he had to allow the search. According to Ash, the officer responded, "No, you don't because I don't want to violate your [Fourth] Amendment, your [First] Amendment, and because I'm all about amendments and I don't want nobody to violate mines [sic] so I don't want to violate yours." Ash claimed he and the officer never discussed the Fourth Amendment waiver, and he denied telling the officer that he "couldn't consent to the search" because the car was not his.

The court determined that Ash's testimony was not credible and that, by refusing the search, he had not complied with his Fourth Amendment waiver and had violated a condition of his suspended sentence. The Commonwealth asked the court to impose "a significant portion" of the three-year suspended sentence, based on Ash's lengthy criminal record. Ash disputed the finding that he was in violation but made no argument concerning sentencing; he merely stated that he would "submit it to the court." The court imposed the entirety of the previously suspended three-year sentence.

ANALYSIS

I.

Ash contends that the alleged violation was of a "good conduct" condition and was subject to the sentencing limitations of Code § 19.2-306.1. He acknowledges that he did not raise this issue at the revocation hearing but argues that the sentencing order exceeded the court's authority and was therefore void ab initio. Alternatively, he asks this Court to apply the ends of justice exception to Rule 5A:18.

Subject to certain conditions not at issue here, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Appellate

- 3 -

courts "have consistently held that the 'revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad.'" *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)).

"Code § 19.2-306(A) has always provided the 'statutory authority for a circuit court to revoke a suspended sentence.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 77 (2022)). "Code § 19.2-306(C) was 'amended and reenacted' to provide that '[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.'" *Id.* (alteration in original) (quoting *Green*, 75 Va. App. at 78).

Code § 19.2-306.1, in turn, creates two tiers of probation violations: "(1) technical violations, based on a probationer's failure to do one of ten enumerated actions [in Code § 19.2-306.1(A)], and (2) non-technical violations." *Id.* at 466. The statute "contains specific limitations on sentencing that apply when a circuit court bases its revocation of a suspended sentence on what the statute refers to as certain 'technical violations' enumerated in the statute." *Green*, 75 Va. App. at 75 (citing Code § 19.2-306.1). For a "first technical violation," a court "shall not impose a sentence of a term of active incarceration." *Henthorne v. Commonwealth*, 76 Va. App. 60, 65 (2022) (quoting Code § 19.2-306.1(C)).

The sentencing limitations do not apply to non-technical violations. *Shifflett v. Commonwealth*, 81 Va. App. 277, 291 (2024) (en banc). "Non-technical violations include . . . 'violat[ion of] another condition other than (i) a technical violation [in subsection (A)] or (ii) a good conduct violation that did not result in a criminal conviction.'" *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023) (second and third alterations in original) (quoting

Code § 19.2-306.1(B)).  For non-technical violations, the court "may revoke the suspension and impose or resuspend any or all of that period previously suspended."  Code § 19.2-306.1(B).

Ash contends that (1) the court found him guilty of a "good conduct violation that did not result in a criminal conviction"; and therefore (2) the court was not permitted to "revoke the suspension and impose . . . that period previously suspended" under Code § 19.2-306.1(B).  He did not present this argument to the trial court and therefore did not comply with Rule 5A:18.  He nevertheless seeks judicial review on the basis that the sentencing order was void ab initio.

A judgment that is void ab initio is one that exceeds the court's "power to render" and, as a result, has no legal effect.  *See Hannah v. Commonwealth*, 303 Va. 106, 119-20 (2024).  "[A] sentence imposed in violation of a prescribed statutory range of punishment is void ab initio" because a court lacks power to render a judgment of that character.  *Terry v. Commonwealth*, 81 Va. App. 241, 251 (2024) (quoting *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009)).  An order that is void ab initio "can be challenged for the first time on appeal because it is a judicial nullity."  *Id.* at 250.

By contrast, a challenge to an order that is not void, but merely voidable, is subject to the procedural rules of an appellate court.  *Hannah*, 303 Va. at 120.  "Voidable judgments are more common and usually involve a court's failure to comply with precedent or an applicable statute." *Id.*  For appeals to this Court challenging voidable orders, the requirements of Rule 5A:18 apply. *Terry*, 81 Va. App. at 250, 254 & n.4.

Both the Supreme Court and this Court have recently addressed the distinction between void and voidable orders in the context of sentencing for probation violations.  *See Hannah*, 303 Va. at 120-21 & n.5; *Terry*, 81 Va. App. at 250-52.  We turn to these cases for guidance.

In *Hannah*, the Supreme Court relied on *Rawls* to reiterate that a sentencing order imposing a punishment that exceeds the statutory maximum is beyond the trial court's authority

and is void ab initio. 303 Va. at 120-21 (citing *Rawls*, 278 Va. at 221). However, the Supreme Court stated that this principle would not extend to revocation orders that impose a period of incarceration in excess of the limitations in Code § 19.2-306(C). *Id.* at 121 n.5. The Court reasoned that "[t]he penalty imposed for a probation violation is not a new sentence but an event in the same criminal proceeding, a continuation of the original sentence with modifications tailored to the defendant's needs in the present moment." *Id.*[2]

Our Court made the same distinction in *Terry*. There, the parties and the court proceeded at a revocation hearing as if the conduct at issue "necessarily constitute[d] a non-technical violation." 81 Va. App. at 253. On appeal, the defendant argued that the violation was, in fact, technical and thus governed by the sentencing limitations of Code § 19.2-306.1(C). *Id.* at 248. The defendant acknowledged that he did not raise the issue at the revocation hearing but contended that the active sentence imposed was void ab initio and therefore Rule 5A:18 did not apply. *Id.* at 250.

We disagreed. *Id.* at 252-54. Using the rationale expressed in *Hannah*, and distinguishing *Rawls*, this Court clarified the distinction between the punishment imposed at the original sentencing and the effect of any subsequent reimposition of that original sentence at a revocation proceeding. *Id.* The revocation proceeding is "a new sentencing *event*[,] but it is not a new *sentence*." *Id.* at 253 (alteration in original) (quoting *Canty v. Commonwealth*, 57 Va. App. 171, 179 n.9 (2010), *aff'd*, No. 102221, 2011 Va. LEXIS 253 (Oct. 7, 2011)). *Accord Cisneros v. Commonwealth*, 82 Va. App. 147, 167-70 (2024).

---

[2] We note that the Supreme Court in *Hannah* ultimately affirmed the sentence at issue under the prior version of Code § 19.2-306(C). 303 Va. at 122-23. There, the defendant's drug use—which had given rise to the revocation proceeding—began before the probation statute's amendment and reenactment, "requir[ing] [the Court] to apply the law in effect at the time of the offense." *Id.* at 122.

Revocation sentencing orders that allegedly exceed the statutory limitations in Code § 19.2-306.1 are not void ab initio. The court's order finding Ash in violation and imposing a three-year sentence is "not activity 'of a character that the court lacked power to render.'" *Terry*, 81 Va. App. at 254 (quoting *Hannah*, 303 Va. at 120). "[T]he alleged error would not render the revocation order void ab initio." *Id.* Therefore, Rule 5A:18 applies and provides as follows: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."

Ash acknowledges that he did not object to his sentence at the revocation hearing but argues that this Court should apply the "ends of justice" exception to Rule 5A:18.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (en banc)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). Here, we find no error as contended by Ash and have no basis for applying the ends of justice exception to Rule 5A:18.

In *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 193 (2023), this Court found that "a sentencing court must engage in a four-step process to classify the basis of the revocation proceeding before determining what sentence it may impose." "First, the court must determine whether 'the violation conduct matches the conduct [specifically] listed in Code § 19.2-306.1(A).'" *Id.* (alteration in original) (quoting *Delaune v. Commonwealth*, 76 Va. App.

372, 383 (2023)). "If so, then the defendant has committed a technical violation[,] and the sentencing limitations found in Code § 19.2-306.1(A) apply . . . ." *Id.* at 194.

"If the violation conduct does not match the conduct listed in Code § 19.2-306.1(A), the court must then determine whether 'another condition,' other than the generic good behavior condition of the defendant's suspended sentence[,] covers the conduct." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.*

Third, "[i]f the defendant's sentencing order contained no other condition matching the violation conduct, then the court must determine whether the conduct resulted in a new criminal conviction." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.* "Finally, if none of the above apply, then the court must determine whether the defendant has engaged in substantial misconduct amounting to a good conduct violation." *Id.*[3]

We need reach only the second step in the *Diaz-Urrutia* analysis to classify Ash's violation of his suspended sentence. Refusal to comply with the terms of a Fourth Amendment waiver is not included as an enumerated technical violation in Code § 19.2-306.1(A). In the sentencing order, the court expressly conditioned Ash's suspended sentence on his compliance with the waiver of his Fourth Amendment rights. This waiver was effectively a special condition of his suspended sentence articulated by the court. *See Shifflett*, 81 Va. App. at 291-94. By refusing the search, Ash did not merely violate a "generic good behavior condition." *Diaz-Urrutia*, 77 Va. App. at 194.[4] Therefore, upon finding Ash in violation of the waiver

---

[3] The Court "decline[d] to opine on what sanction Code § 19.2-306.1 authorizes for a good conduct violation." *Diaz-Urrutia*, 77 Va. App. at 194 n.4.

[4] Although the judge used the phrase "violation of your good behavior" at the revocation hearing, the finding of guilt was based on Ash's failure to comply with his Fourth Amendment waiver—a condition of his suspended sentence that was more restrictive than and thus distinct from the requirement to be of good behavior. *Cf. Shifflett*, 81 Va. App. at 291-94 (distinguishing

provision, the trial court's sentencing authority was not restricted by Code § 19.2-306.1(C), and the court had the discretion to "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

We thus reject any contention that the court erred as contended by Ash and find that the ends of justice exception to Rule 5A:18 does not apply.[5]

## II.

Ash also contends that the scope of the Fourth Amendment waiver contained in his plea agreement—limited to *his* person, residence, or property—did not include the car he was driving when he was stopped because the vehicle belonged to his wife. He contends that "[t]here is no reasonable construction of [his] plea agreement that extends his Fourth Amendment waiver to the property to others." But Ash advanced a different argument in the trial court, challenging a factual issue. Specifically, Ash disputed Officer Reinhardt's testimony that Ash refused to allow the search. According to Ash, he merely questioned whether he was required to submit to the search. [6]

Rule 5A:18—requiring an objection "with reasonable certainty at the time of the ruling"—precludes our consideration of this issue. "The purpose of this contemporaneous

---

between technical and non-technical violations based on whether the court-ordered condition was "more restrictive" than Code § 19.2-306.1(A)). In classifying Ash's violation, we are not bound by the judge's words but must consider the full record. *See id.*

[5] To decide this issue on the best and narrowest ground, *see Commonwealth v. White*, 293 Va. 411, 419 (2017), we do not address whether a court's alleged miscategorization of a probation violation constitutes a grave injustice meriting application of the ends of justice exception.

[6] We note that, in violation of an appellate court's standard of review, the dissent accords no deference to the court's finding that Ash's testimony was not credible. *See Elliott v. Commonwealth*, 277 Va. 457, 462 (2009) (stating that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence" and, accordingly, appellate courts "give deference to the fact finder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony").

objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to object timely and specifically, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009). Because Ash did not raise the same argument in the trial court as he asserts on appeal, he waived this claim.

Ash asks this Court to invoke the ends of justice exception to Rule 5A:18 to reach the merits of his argument concerning the sufficiency of the evidence. As stated above, we apply this exception sparingly, and it requires us to consider the alleged error and the risk of a grave injustice. *Bass*, 292 Va. at 27. "[T]o show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221-22 (1997)).

Even accepting Ash's assertion that the waiver applied only to his own person or property, the evidence still showed that he was in violation. Ash testified that the officer said, "[M]ind if I search *you*." (Emphasis added). Ash did not agree to a search of his person. Because the record thus demonstrates that Ash did not comply with his Fourth Amendment

waiver, he has failed to establish that a miscarriage of justice occurred, and we do not apply the ends of justice exception to Rule 5A:18.

CONCLUSION

Accordingly, we affirm the circuit court's judgment.

*Affirmed.*

Causey, J., dissenting.

The separation of powers outlined in the Constitution of the Commonwealth of Virginia dictates, simply, that the judicial branch interprets the laws enacted by the General Assembly. *See Brown v. Commonwealth*, 75 Va. App. 388, 402-03 (2022). The General Assembly enacted laws that placed limitations on sentences upon revocation of suspension of sentences. The purpose of the new laws was specifically to limit the sentencing power of the circuit court. The majority holds that Ash did not object to being sentenced in excess of the statutorily prescribed maximum range of punishment and that, therefore, he waived his rights to the statutory revocation limitations. I would hold that statutory protections, particularly revocation limitations, cannot be waived by a defendant because those statutes were enacted for their protection. Therefore, I respectfully dissent.

The Fourteenth Amendment states in part, "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. While some rights can be knowingly and voluntarily waived (e.g., right to a jury trial, right to counsel), others are considered non-waivable (e.g., subject matter jurisdiction). Hence, I would hold that certain legal protections are inalienable and cannot be waived without compromising the integrity of the legal process. Especially, when those legal protections aid in maintaining justice, due process, and fairness in the legal system.

Statutory protections such as those in Code § 19.2-306.1 are designed to ensure the right to due process and fairness in the legal system. Considering statutory protections such as Code § 19.2-306.1 waivable undermines the purpose of the statute: revocation limitations. When interpreting a statute, courts "are required to 'ascertain and give effect to the intention of the legislature,' which is usually self-evident from the statutory language." *Va. Polytechnic Inst. &*

- 12 -

*State Univ. v. Interactive Return Serv.*, 271 Va. 304, 309 (2006) (quoting *Chase v.*

*DaimlerChrysler Corp.*, 266 Va. 544, 547 (2003)).  The revocation limitations are self-evident

and can be found in Code § 19.2-306.1.  Specifically, applicable to this case, Code

§ 19.2-306.1(B), states:

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, or has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The court found Ash in violation of the terms and conditions of his suspended sentence or

probation.  Ash had no new convictions or criminal charges.  Ash was found to have violated

another condition (the "good behavior" condition) for actions that did not result in a criminal

conviction.  This violation can only reasonably be classified, under Code § 19.2-306.1(B), as a

"good conduct" violation that did not result in a criminal conviction.  *See Diaz-Urrutia v.*

*Commonwealth*, 77 Va. App. 182, 192 (2023) ("Although we ordinarily interpret different words

used by the legislature to carry different meanings, good conduct and good behavior do not have

materially different ordinarily understood definitions and there is simply no rational way to

distinguish their meanings.").  At the revocation hearing, the Commonwealth's Attorney

repeatedly argued that the judge should find Ash in violation of his "good behavior condition" or

"good behavior provision" due to a "good behavior violation."  In announcing his decision, the

circuit court judge specifically found Ash "in violation of your good behavior."  Thus, Ash's

probation violation fits squarely into the category described in Code § 19.2-306.1(B)(ii).

The phrasing of the statutory provision in Code § 19.2-306.1(B)(ii) indicates that it is

setting specific conditions under which the court has discretion to act.  The clause, "other than,"

indicates a strict requirement: both the types of violations described in (i) and (ii) must be

- 13 -

excluded for the court to have the authority to revoke the suspension. Only if both of those conditions are excluded may the court choose to revoke the suspension entirely, resuspend any portion of it, or impose the suspended penalty again. Since Ash met condition (ii) the court lacked the authority to revoke or modify his suspension.

The majority rejects the arguments of counsel and the finding of the circuit court judge based solely on Ash's revocation sentence. The majority holds that the judge miscategorized the probation violation and rewords the court's finding as "effectively a special condition" instead of adhering to the judge's explicit finding of a "good behavior violation." In doing so, the majority reaches beyond our appellate role.

After a careful review of Code § 19.2-306.1, I have yet to find where the General Assembly, in its limitation of a circuit court's power to revoke a suspended sentence, allows for a revocation for a violation of a special condition that is not explicitly found by the circuit court. Here, the circuit court found only a violation of good behavior. Currently, there is no prescribed penalty for this type of violation. Our Supreme Court held "that a sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the [C]ourt had the power to render.'" *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009) (alteration in original) (quoting *Anthony v. Kasey*, 83 Va. 338, 340 (1887)). Code § 19.2-306.1(B)(ii) does not give the court the power to prescribe any punishment for the violation it found Ash to have committed. Thus, any punishment imposed is void ab initio because that punishment is in violation of the prescribed statutory range of punishment.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). This Court does not have the ability to rewrite the findings of the circuit court. We must take the

- 14 -

record as the record. Ash was found guilty of a "good behavior" violation which did not result in a new criminal conviction. Because there was no new criminal conviction, the court was required to do further inquiry or analysis to classify the actions of the probationer. *Diaz-Urrutia*, 77 Va. App. at 193-94.

### *The circuit court's sentence was improper, given the required Diaz-Urrutia analysis.*

When determining how to classify a probationer's actions for purposes of a revocation proceeding, the circuit court must engage in a four-step analysis prescribed by *Diaz-Urrutia*. *Id.* Ash's interaction with the police was not expressly articulated by the court as a technical violation. The majority contends that the analysis should therefore stop at the second step of the *Diaz-Urrutia* analysis. To stop at step two, the majority assumes the court found the Fourth Amendment waiver was a "special condition" from the initial sentencing order. This finding by the majority of a "special condition" is in error. The circuit court found in fact that Ash was in violation of his "good behavior" condition. There is no evidence that the trial court abused its discretion by explicitly finding that Ash violated the good behavior condition of his probation. Thus, just as we have said that a factfinder's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion," *Green*, 75 Va. App. at 76, it is necessary here to emphasize that an explicit finding reached by a trial court—especially when not shown to have been reached via an abuse of discretion—shall not be ignored or recategorized. Assuming that Ash's violation was a "special condition" violation is in error.

The second step of the mandatory *Diaz-Urrutia* analysis states that "the court must [after determining that the conduct does not match that enumerated in Code § 19.2-306.1(A)] determine whether 'another condition,' other than the generic good behavior condition of the defendant's suspended sentence[,] covers the conduct." *Diaz-Urrutia*, 77 Va. App. at 194. Here, the record shows that the circuit court conducted this analysis and made the exact finding

- 15 -

contemplated by *Diaz-Urrutia*: that the most proper way to classify Ash's conduct was according to "the generic good behavior condition" of his probation. *Id.* The Commonwealth's Attorney argued for this outcome and the court accepted it, explicitly finding Ash "in violation of your good behavior." The next step outlined in *Diaz-Urrutia*, was to proceed to the third step of the analysis, in which "the court must determine whether the conduct resulted in a new criminal conviction" and if not, "the court must determine whether the defendant has engaged in substantial misconduct amounting to a good conduct violation." *Id.* Ash's conduct did not result in a criminal conviction; his violation, again, was classified as a "good behavior" violation, which, as previously mentioned, is indistinguishable from "good conduct." The legislature has not prescribed a specific punishment range for good conduct violations not resulting in new criminal convictions, but, as discussed above, has expressly restricted the court's authority to revoke or modify the suspension. Thus, the circuit court committed clear error in going beyond the statutory sentencing limitations of Code § 19.2-306.1(B)(ii) by revoking Ash's suspended sentence. Courts have consistently held that the imposition of a sentence beyond the statutory maximum violates fundamental principles of justice and due process. *See Rawls*, 278 Va. at 221. Such an error must be considered non-waivable because it implicates the core rights of the defendant to be sentenced lawfully. For the majority to *essentially* find a way for a good behavior violation to also be a violation of a special condition is error.

This error has substantially affected the rights and procedural safeguards that the statute put in place for the purpose of ensuring fairness and due process for probationers like Ash. This error has thus resulted in a miscarriage of justice.

The majority goes through a litany of cases that are all distinguishable from the case at bar. In this case, Code § 19.2-306.1 clearly mandates what is required when "(ii) a good conduct violation that did not result in a criminal conviction" occurs.

*Rawls* (2009) is not a probation violation case, but supports the principle that sentencing in excess of a statutorily prescribed maximum range of punishment requires a new sentencing hearing. 278 Va. at 221. Although *Hannah* was decided in 2024, the violations involved in that case were committed before the enactment of the updated version of the statutory probation scheme—the court explicitly rejected the defendant's arguments on this ground. *Hannah v. Commonwealth*, 303 Va. 106, 122 (2024) ("Because the penalty applied was the penalty in existence at the time of the offense, the judgment was of a character the court was able to render."). Thus, the revocation violations in *Hannah* are not applicable to the statute at issue. Additionally, *Hannah* was not analyzed based on the current case law requirements of *Diaz-Urrutia*. *See generally id.*

In *Terry* (2024), the court emphasized that "the parties and the court" below "operated under the belief that [the violation in question] . . . constitutes a non-technical violation." *Terry v. Commonwealth*, 81 Va. App. 241, 253 (2024). Here, in contrast, the Commonwealth's Attorney explicitly argued, and the court found, that Ash was in violation of a "good behavior" condition of his probation—and the only way to uphold Ash's sentence is to set aside what the parties argued and the court found below. Similarly, in *Shifflett* (2024), the court's explicit finding was that the defendant had violated a "special condition" of his probation. *Shifflett v. Commonwealth*, 81 Va. App. 277, 287 (2024).

*Cisneros* (2024) did not involve the explicit limitations of Code § 19.2-306.1, but the general sentencing provisions of Code § 19.2-306. *Cisneros v. Commonwealth*, 82 Va. App. 147

(2024). Consequently, none of these cases confronted an explicit finding that one of the situations delineated in § 19.2-306.1 had occurred (that there had been a good conduct[7] violation, and no criminal conviction), accompanied by a sentence in disregard of the applicable statutory constraint. Thus, *Ash* is a case of first impression. I would hold that the legislature has restricted the court's power to prescribe punishment outside the statutory range where the court finds that no non-technical or special violation has occurred, but explicitly finds a good conduct violation. The majority attempts to add another category to Code § 19.2-306.1: "effectively a special condition." But there is no need to create this category. The statute clearly lists "good conduct [behavior] violation" as a separate category, with no jail time.

As the majority states, a judgment is void ab initio[8] when it exceeds the court's "power to render" judgment and thus has no legal effect. *Rawls*, 278 Va. at 221. Here, the order "imposed in violation of a prescribed statutory range of punishment is void *ab initio*," as the court did not have the authority to render such a judgment. *Id.* "Deeming an order void *ab initio* effectively sidelines procedural default principles, including Rule 5A:18's requirement that arguments on appeal seeking to overturn a trial court order must first be presented and ruled upon by the trial court." *Winslow v. Commonwealth*, 62 Va. App. 539, 544 (2013). As here, when a circuit court's sentence exceeds the statutory maximum, "the trial court must conduct a new sentencing hearing to permit the sentencing entity . . . to impose a lawful sentence." *Commonwealth v. Watson*, 297 Va. 355, 360 (2019). This should happen in the present case. The majority circumnavigates this due process violation by relying on *Terry*'s interpretation of *Rawls*, contending that a new sentencing hearing was not needed because, in their view, a revocation

---

[7] As we said in *Diaz-Urrutia,* there is "simply no rational way to distinguish the[] meanings" of the terms "good behavior" and "good conduct." 77 Va. App. at 192.

[8] Our Supreme Court has held that a "judgment which is void ab initio is a judgment so affected by a fundamental infirmity that it is no judgment at all." *Hannah*, 303 Va. at 119.

hearing is not a new sentence, but merely a new sentencing event; therefore, Ash waived any right to challenge his sentence. I disagree. Because Ash's revocation order was void ab initio, Rule 5A:18's procedural default rules do not apply.

The majority's analysis first relies on *Hannah*, interpreting *Rawls*, to assert that the established principle of a sentencing order being void ab initio when it imposes a punishment that goes beyond the statutory maximum, is inapplicable to the limitations of Code § 19.2-306 because "[t]he penalty imposed for a probation violation is not a new sentence but an event in the same criminal proceeding, a continuation of the original sentence with modifications tailored to the defendant's needs in the present moment." 303 Va. at 121 n.5. This is a misapplication of *Hannah*. In fact, *Hannah* exclusively discusses probation revocation cases where probationers have suspended sentences revoked for subsequent criminal convictions, referencing both *Grant v. Commonwealth*, 223 Va. 680 (1982), and *Green v. Commonwealth*, 263 Va. 191 (2002), which are plainly distinguishable from the case at bar where no such conviction happened.[9] All of these relevant cases predate Code § 19.2-306.1 and *Diaz*'s required analysis. Because these cases' analyses were not constrained by the current statutory scheme governing sentencing limitations, their persuasive value in analyzing Code § 19.2-306 is questionable at best.

*Rawls* stands for the principle that a court's order is void ab initio because it did not have the authority to impose it.[10] The General Assembly can circumscribe a court's sentencing power and did so with Code § 19.2-306. *Terry* states that "the statutory scheme [of Code § 19.2-306] governing sentence suspensions clearly does not confer any additional sentencing power on the

---

[9] *Grant v. Commonwealth* was an appeal of a revocation following a criminal conviction for drug distribution charges where the circuit court imposed an active sentence. 223 Va. at 682. *Green v. Commonwealth* was an appeal of a revocation following a criminal conviction of felony assault of a law enforcement officer. 263 Va. at 193.

[10] *See Rawls*, 278 Va. at 221.

courts," 81 Va. App. at 253, but the statute clearly *restricts* the court's sentencing power. Where a court was originally able to give a sentence up to the statutory maximum, and make that sentence all active, or suspend all of it at a revocation hearing, after Code § 19.2-306.1, the court no longer has that authority. Therefore, Code § 19.2-306.1 limits the court's power to sentence, and "circumscribes our courts' power to punish." *Hannah*, 303 Va. at 121.

The majority then, using *Terry*, recites that the circuit court going beyond the limitations of Code § 19.2-306 is permitted in that imposing the sentence is "not activity 'of a character that the court lacked power to render.'" 81 Va. App. at 254 (quoting *Hannah*, 303 Va. at 120). I disagree. To assert that a circuit court acting outside of the sentencing limitations of a statute designed to limit a court's sentencing ability does not render such a judgment a "violation of a prescribed statutory range of punishment" is either a conclusion based in contradiction or a fundamental misunderstanding of the purpose of the statute. *Rawls*, 278 Va. at 221.

The most guiding case from our Supreme Court on sentencing authority is *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564-65 (2016), which stands for the following principles:

> A Virginia trial court "clearly" acts within the scope of its sentencing authority "when it chooses a point within the permitted statutory range" at which to fix punishment. *Alston v. Commonwealth*, 274 Va. 759, 771 (2007). In cases where the argument on appeal is simply a challenge to the duration of imprisonment, we have consistently held that the sentencing statutes define the outer boundaries of the bell-shaped curve of reasonableness. Consequently, "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Id.* at 771-72 (quoting *Abdo v. Commonwealth*, 218 Va. 473, 479 (1977)). In this respect, our view adheres to the "general proposition that once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Dorszynski v. United States*, 418 U.S. 424, 431 (1974).

If *Minh Duy Du* prescribes our response when Virginia trial courts act within the scope of their sentencing authority, it also implies what appellate courts should do when trial courts act outside

- 20 -

the scope of their sentencing authority. In other words, the converse of *Minh Duy Du* must be true. Clearly, a circuit court is acting *outside* the scope of its sentencing authority when it chooses to *exceed* the permitted statutory range at which to fix punishment. Sentencing statutes define the boundaries of the circuit court. Consequently, when the sentence *does* exceed that maximum, the sentence will be overturned as an abuse of discretion. In this respect, this Court's view must adhere to the general proposition that once it is determined that a sentence is not within the limitation set forth in the statute under which it is imposed, appellate review is mandatory.

### *The "ends of justice" and "plain error" doctrines are applicable.*

Ash's circumstances clearly rise to the narrow "ends of justice" exception to Rule 5A:18. To meet this threshold, "the Commonwealth's evidence [must have] either proved that an essential element of the offense had not occurred or . . . the defendant was convicted for conduct that was not criminal." *Redman v. Commonwealth*, 25 Va. App. 215, 222-23 (1997). Here, Ash was obviously not convicted or charged with any crime. Ash was sent back to prison without a finding of criminal conduct, contrary to the explicit constraints of the statute—an injustice that is materially equivalent to a defendant being convicted of non-criminal conduct. Additionally, the Commonwealth's own evidence clearly showed that he did not commit an essential element of his alleged good behavior violation; the purported violation involved an alleged failure to consent to search the property of another, which Ash did not have the right to do. Ash's Fourth Amendment waiver was limited to *him*. Our appellate courts have been steadfast in holding that sentencing orders which contain Fourth Amendment waivers are limited to the scope of those waivers. *See Anderson v. Commonwealth*, 256 Va. 580, 586 (1980) (interpreting the scope of Anderson's waiver based on the wording of his signed plea agreement); *Commonwealth v. Bowen*, No. 0427-21-4, slip op. 2-3, 2021 Va. App. LEXIS 183, at *3 (Oct. 14, 2021) (same);

*Williams v. Commonwealth*, No. 0811-19- 2, slip op. 7-8, 2020 Va. App. LEXIS 163, at *9 (June 2, 2020) (same); *Moon v. Commonwealth*, No. 0667-22-3, slip op. 6-7, 2023 Va. App. LEXIS 447, at *9 (July 11, 2023) (same). As such, both prongs of the ends of justice exception are met. Additionally, as discussed below, *plain error* has occurred.

The plain error doctrine should be applied where there is "(1) error, (2) that is plain, (3) that is substantial and (4) . . . seriously affects the fairness, integrity and public reputation of the judicial system." *Banks v. Mario Indus.*, 274 Va. 438, 451 (2007) (alteration in original); *United States v. Lawhorne*, 29 F. Supp. 2d 292 (E.D. Va. 1998). Overall, our rules establish that appellate courts generally do not consider errors not raised at trial unless there is plain error affecting substantial rights. *See* Rule 5A:18. Here, Ash's liberty—his substantial rights—were affected by error and this Court must exercise discretion to correct that error, as it resulted in a miscarriage of justice that has seriously affected the fairness, integrity, and public reputation of the judicial system. The circuit court explicitly found Ash guilty of a good behavior violation resulting in no new criminal conviction, and sentenced him to jail time outside the maximum statutory punishment for the offense. Code § 19.2-306.1(B)(ii) must be followed because to do otherwise, questions the fairness, integrity, and public reputation of the judicial system. The statute's purpose is a non-waivable procedural statutory safeguard designed to protect and ensure fairness and due process.

Sentences imposed outside the statutory limitations of Code § 19.2-306.1 are clear error by the trial court. They are also actions of a character "not such as the [C]ourt had the power" to impose. *Rawls*, 278 Va. at 221 (alteration in original) (quoting *Kasey*, 83 Va. at 340). Ash did not and cannot have waived proper sentencing pursuant to the law. A person's liberty is not waivable. Where liberty is at stake, statutes must be followed. Both the defendant's rights and

the integrity of the legal process are fundamentally important to maintaining justice and fairness in the legal system of Virginia.

*Conclusion*

Statutory revocation limitations, particularly for probation violations, should not be waivable by a defendant because the statutory limitations are intended to protect both the defendant's rights and the integrity of the legal process. The limitations of Code § 19.2-306.1(B)(ii) are mandatory and should be strictly followed.

Therefore, I would hold the circuit court wrongly imposed incarceration in violation of Code § 19.2-306.1(B)(ii) for a "good conduct [behavior] violation" that did not result in a criminal conviction. I would find that the sentencing order is void ab initio, reverse, and remand to the circuit court.